## Case No. 467a.

ANONYMOUS.

[1 Pet. Adm. 247, note.][1]

District Court, D. Pennsylvania. Jan., 1807.

SHIPPING—MATE BECOMING MASTER—LIABILITY ON CONTRACTS BY PREDECESSOR.

[A mate who, by the death of the master of a ship, becomes master for the rest of the voyage, is not responsible upon a contract for seamen's wages made by his predecessor in that office, and is a competent witness in a suit by such seamen against the owners.]

[See Atkyns v. Burrows, Case No. 618.]

[In admiralty. Libel for seamen's wages.] In a late case, in the district court, a question was made as to the responsibility of a mate, who, by the death of a captain, became master, by succeeding to that berth on a voyage. One, under these circumstances, was offered as a witness, on the part of the

[1][Originally published as a note to Atkyns v. Burrows, Case No. 618.]

owner, in a suit, by a mariner, against the ship and owner. It was said he was not answerable to the seamen for any wages; a liability for which, only attached by contract made with the late master; he was, therefore, disinterested in any event. On the other side it was contended, that by operation of law, the liability grew out of service, and not positive contract. If it did not reach farther than to the late master's death, it was operative for all wages accrued since that event.

BY THE COURT. I will not determine this point, so as to preclude further investigation, if it shall arise in a question directly. I will not refuse to admit the witness, if it is pressed. But there is other testimony, perhaps sufficient. I incline strongly to the opinion of the counsel for the owner. The necessary, but casual successor to the late master, is only accountable for his own transactions. Bills of lading signed by his predecessor, do not bind him, though he may be responsible for the goods, if on board, in their condition at the time he succeeds to the command. He must sue in the admiralty as mate; and his wages, as such only, are recoverable here. [The Favourite,] 2 Rob. Adm. Cas. 196, (Philadelphia Ed.) [2 C. Rob. Adm. 232.] His claim for services, as temporary master, either demanded as additional wages, or as a quantum meruit, must be agitated elsewhere.

Other testimony was produced, a compromise took place, and the point subsided.